IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PETE CASTILLO,                          §
                                        §
        *Petitioner*,                   §
                                        §
v.                                      §        Civil Action No. H-11-3794
                                        §
RICK THALER,                            §
                                        §
        *Respondent*.                   §

## ORDER OF DISMISSAL

Petitioner, a state inmate proceeding *pro se*, files this section 2254 petition

challenging his 2000 aggravated robbery conviction and sentence.

As petitioner was convicted after April 24, 1996, this pending petition is governed

by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period

found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitations shall apply to an application for a writ of
        habeas corpus by a person in custody pursuant to the judgment of a State
        court. The limitation period shall run from the latest of –

        (A)  the date on which the judgment became final by the conclusion of
             direct review or the expiration of the time for seeking such review;

        (B)  the date on which the impediment to filing an application created
             by State action in violation of the Constitution or laws of the
             United States is removed, if the applicant was prevented from
             filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Petitioner pleaded guilty to aggravated robbery in cause number 833345 in Harris County, Texas, and was sentenced to forty years incarceration on November 16, 2000. His direct appeal was dismissed through counsel of record on March 12, 2001, and no petition for discretionary review was filed. Under the most conservative of constructions, the federal one-year statute of limitations expired on petitioner's federal claims on March 12, 2002.

Petitioner reports that his attorney of record filed his first application for state habeas relief on May 20, 2002, in WR-54,995-01, and that he subsequently requested it be dismissed. Public records for the Texas Court of Criminal Appeals show that the application was dismissed by that court on April 2, 2003. Public records for the state trial court show that petitioner's second application for state habeas relief was filed on December 31, 2002, and denied on the merits by the Texas Court of Criminal Appeals on June 3, 2003. A third application for state habeas relief, filed *pro se* by petitioner on May 25, 2011, was

dismissed by the Texas Court of Criminal Appeals as an abuse of the writ. WR-54,995-04. The instant federal petition was filed no earlier than October 24, 2011.

Because limitations expired on or about March 12, 2002, petitioner's applications for state habeas relief, filed after that date, had no tolling effect for purposes of AEDPA, and the instant petition shows on its face that it is barred by limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application filed after expiration of federal limitations has no tolling effect). The Court ordered petitioner to show cause why this case should not be dismissed as barred by limitations. In response, petitioner argues that AEDPA should not apply under the circumstances, that he is a *pro se* litigant unskilled in the law, and that he should not be penalized for the "cut throat" actions taken by his trial attorney in 2002 and 2003.

Petitioner has not shown that he was subject to state action that impeded him from filing the instant petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly-recognized constitutional right upon which the petition is based, nor is there a factual predicate for the claim that could not have been discovered previously if petitioner had acted with due diligence. *See* 28 U.S.C. §§ 2244(d)(1)(C), (D). Petitioner does not allege facts sufficient to justify or excuse his failure to pursue federal habeas relief in a timely manner. Even assuming his allegations regarding trial counsel afforded him a basis for equitable tolling, petitioner provides no factual basis for tolling of limitations from 2003 to 2011. A *pro se* litigants basic ignorance of the law does not constitute "exceptional

3

circumstances" entitling him to equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir.2000) (holding that ignorance of the law or lack of knowledge of filing deadlines do not warrant equitable tolling). Even further assuming that petitioner's second state habeas application statutorily tolled limitations during its pendency, no grounds are presented for tolling limitations to the date the instant petition was filed some seven years later.

This case is **DISMISSED WITH PREJUDICE** as barred by limitations. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**. Petitioner is advised that any additional arguments he may wish to present to the Court may be set forth in a timely-filed motion for new trial.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the _12_ day of December, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE